UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION

Case No. 3:19md2885

This Document Relates to:
*Sloan*, 7:20-cv-001

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

**ORDER**

This matter is before the Court on Plaintiff Ronald Sloan's Motion for Summary Judgment on several of Defendants' affirmative defenses under Federal Rule of Civil Procedure 56. ECF No. 23. Having now fully considered the parties' arguments and applicable Kentucky law, the Court concludes that Plaintiff's motion is **GRANTED** in part and **MOOT** in part.

Summary judgment is appropriate where there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden of demonstrating the absence of a genuine dispute of material fact rests with the moving party. *Celotex*, 477 U.S. at 323. In determining whether the moving party has carried its burden, a court must view the evidence and factual inferences drawn therefrom in the light most favorable to the non-moving party. *Liberty Lobby*, 477 U.S. at 255; *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).

The Court assumes the parties' familiarity with the general factual allegations and nature of this multidistrict litigation. Sloan has brought twelve claims against Defendants under Kentucky law[1] arising from injuries he alleges were caused by his use of the Combat Arms Earplug version 2 ("CAEv2") during his military service. *See* Amended Master Short Form Compl., ECF No. 9.[2] Defendants raise several affirmative defenses, including that Sloan's failure to warn claims are barred by various intermediary defenses, that the United States military's actions are a superseding cause of Sloan's injuries, and that the United States should be apportioned fault for Sloan's injuries. Defendants' Answer, ECF No. 11. Sloan has moved for summary judgment on each of these affirmative defenses. ECF No. 23.

---

[1] The parties agree Kentucky law applies to Sloan's claims. *See* ECF No. 23 at 2.

[2] Specifically, Sloan raises claims for Design Defect – Negligence (Count I), Design Defect – Strict Liability (Count II), Failure to Warn – Negligence (Count III), Failure to Warn – Strict Liability (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), Negligent Misrepresentation (Count VII), Fraudulent Misrepresentation (Count VIII), Fraudulent Concealment (Count IX), Fraud and Deceit (Count X), Gross Negligence (Count XI), and Punitive Damages (Count XVI).

CASE NO. 7:20cv001-MCR-GRJ

In response, Defendants withdraw their apportionment defense. ECF No. 42. Thus, the Court addresses Defendants' intermediary and superseding cause defenses.

### A. Defendants' Intermediary Defenses

Sloan argues that Defendants' learned intermediary, sophisticated intermediary, and bulk supplier affirmative defenses do not apply to a manufacturer whose product is marketed and sold directly to the general public. ECF No. 23-1 at 3–4. The Court agrees.

Kentucky courts have adopted the learned intermediary defense, allowing manufacturers of prescription drugs and medical devices to inform prescribing physicians, as opposed to patients directly, of any risks associated with their drugs and devices. *Larkin v. Pfizer, Inc.*, 153 S.W.3d 758, 761–63 (Ky. 2004). However, no Kentucky court has ever applied the doctrine "outside of prescription products." *In re 3M Combat Arms Earplug Prods. Liab. Litg.*, Case No. 7:20-cv-131-MCR-GRJ, ECF No. 192, at 4 (N.D. Fla. Apr. 27, 2021) (citing *Roberts v. Stryker Corp.*, 2014 WL 12911070, at *10 (W.D. Ky. Aug. 7, 2014)). As such, the learned intermediary doctrine does not apply to this case, which involves a consumer good that was sold to the general public. *See id.* at 8.

Next, Kentucky courts have not adopted the sophisticated intermediary doctrine, and even if they had, it would not apply to this case. *Id.* Intermediary defenses, such as the sophisticated intermediary doctrine, are inapplicable to

CASE NO. 7:20cv001-MCR-GRJ

consumer products that can be purchased over the counter because "the underlying rationale for the intermediary defense is lost where users could purchase and use the product without an intermediary." *In re 3M Combat Arms Prods. Liab. Litg.*, No. 3:19md2885, 2021 WL 2476651, at *4 (N.D. Fla. June 17, 2021). Consistent with this Court's prior ruling on this issue, the Court finds that Kentucky courts would not apply the sophisticated intermediary doctrine to this case.

 Lastly, Kentucky courts have adopted the bulk supplier doctrine, under which component parts manufacturers have no duty to warn end users of the final product. *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50, 57–58 (Ky. Ct. App. 1999) (citing *Childress v. Gresen Mfg. Co.*, 888 F.2d 45 (6th Cir. 1989)). The rationale behind this doctrine is that application of the normal duty to warn would be too burdensome on component manufacturers whose products have a multitude of end users, many of whom are unascertainable. *See McCarty v. Arch Wood Protection, Inc.*, Case No. 11-109-HRW, 2012 WL 2175759, at *3 (E.D. Ky. Jun. 14, 2012). This is not the case here. Defendants are not component part manufacturers. Instead, Defendants designed, manufactured, and marketed the CAEv2. Additionally, the CAEv2 has only one primary use, hearing protection. As such, there are not a multitude of unascertainable end users.

CASE NO. 7:20cv001-MCR-GRJ

### B. Defendants' Superseding Cause Defense

Sloan moves for summary judgment on Defendants' superseding cause defense as to the fault of the United States, arguing that the Army's conduct in failing to fit Sloan with the CAEv2 and train him on its use was foreseeable as a matter of law. ECF No. 23-1 at 4–5. In response, Defendants acknowledge this Court's prior ruling on this issue and only maintain this defense for preservation purposes. ECF No. 42 at 7.

Under Kentucky law, the existence of a superseding cause is a legal issue to be decided by the court. *Fryman v. Harrison*, 896 S.W.2d 908, 911 (Ky. 1995). As this Court found in *Hacker*, "Kentucky law makes clear that a superseding cause must be of an extraordinary and unforeseeable nature to relieve a defendant from liability." *Hacker v. 3M* Trial Tr. 4/28/21, ECF No. 23-3 at 7; *see also Howard v. Spradin*, 562 S.W.3d 281, 288 (Ky. Ct. App. 2018) ("While the act of a third-party may be an intervening cause, it is a superseding cause only when the act is 'extraordinary' and of an 'unforeseeable nature.'"). In ruling on plaintiff's Rule 50 motion in that case, the Court determined that the Army's conduct in failing to fit and train soldiers was foreseeable to the Defendants, meaning the Army's conduct could not be a superseding cause as a matter of law. *Hacker v. 3M* Trial Tr. 4/28/21, ECF No. 23-3 at 7–8. This case is indistinguishable from *Hacker* on this issue under Kentucky law.

CASE NO. 7:20cv001-MCR-GRJ

Accordingly, Sloan's Motion for Summary Judgment, ECF No. 23, is **GRANTED** as to Defendants' intermediary defenses and superseding cause defense and **MOOT** as to Defendants' apportionment defense.

**DONE AND ORDERED** this 4th day of December 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**