## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS
LIABILITY LITIGATION

Case No. 3:19md2885

This Document Relates to:
*Sloan*, 7:20-cv-001

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

## **ORDER**

This matter is before the Court on Plaintiff Ronald Sloan's Rule 59(e) Motion

for Pre-Judgment Interest. ECF No. 189.  Having now fully considered the parties'

arguments and applicable Kentucky law, the Court concludes that Plaintiff's motion

is due to be **DENIED**.

A party may move to alter or amend a judgment to include prejudgment

interest pursuant to Federal Rule of Civil Procedure 59(e). *See Alhassid v. Bank of*

*Am., N.A.*, 688 Fed. App'x 753, 761 (11th Cir. 2017) (citing *Osterneck v. Ernst &*

*Whinney*, 489 U.S. 169, 175–78 (1989)). "The only grounds for granting a [Rule

59(e)] motion are newly discovered evidence or manifest errors of law or fact."

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197

F.3d 116, 1119 (11th Cir. 1999)) (alterations in original). "The decision whether to

alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound

discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir.

2000) (citing *Am. Home Ins. Co. v. Glen Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)).

Here, the Clerk entered judgment in favor of Sloan on all claims, awarding $15,000,000 in noneconomic compensatory damages, $40,000,000 in punitive damages, and post-judgment interest. ECF No. 186. Sloan argues that the judgment should be altered to include prejudgment interest on his noneconomic compensatory damages. ECF No. 190. The Court disagrees.

In a diversity case, the availability of prejudgment interest is governed by state law. *See, e.g., SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (quoting *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984)). Under Kentucky law, prejudgment interest is required for liquidated claims but is only available for unliquidated claims "in the discretion of the trial court." *Osborn v. Griffin*, 865 F.3d 417, 456 (6th Cir. 2017) (quoting *Hale v. Life Ins. Co.*, 795 F.2d 22, 24 (6th Cir. 1986)) (applying Kentucky law). Personal injury claims for bodily injury and pain and suffering are unliquidated claims because bodily injury and pain and suffering cannot be "determined or calculated . . . prior to" the incident that caused harm. *See id.* (quoting *3D Enters. Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005)).

While the Kentucky Supreme Court has not answered the question of whether prejudgment interest is available for unliquidated personal injury claims, the court

CASE NO. 7:20cv001-MCR-GRJ

has adopted Restatement (Second) of Torts Section 913(1), which allows prejudgment interest for liquidated tort claims "except as stated in Subsection (2)." *See Nucor v. Gen. Elec. Corp.*, 812 S.W.2d 136, 144 (Ky. 1991) (quoting Restatement (Second) of Torts § 913(1) (Am. L. Inst. 1979)). Subsection (2) states that "[i]nterest is not allowed upon an amount found due for bodily harm, for emotional distress or for injury to reputation." Restatement (Second) of Torts §913(2).   Absent binding precedent to the contrary[1] and considering that the Kentucky Supreme Court has already adopted Section 913(1), which explicitly mentions "Subsection (2)," the Court finds that the Kentucky Supreme Court would similarly adopt Section 913(2) if given the opportunity, disallowing prejudgment interest for unliquidated personal injury claims under Kentucky law. Since all of Sloan's claims are unliquidated personal injury claims, the Court will not alter the judgment to include prejudgment interest.

Accordingly, Sloan's Rule 59(e) Motion for Pre-judgment Interest, ECF No. 189, is **DENIED**.

---

[1] The only personal injury case Sloan cites is *Countryway Ins. Co. v. Oakes*, an unpublished appellate court decision that provides no guidance on whether prejudgment interest is available for unliquidated personal injury claims. *See* 2010 WL 2787915, at *2, *6 (Ky. App. July 16, 2010) (affirming a trial court's order to change the date of prejudgment interest from the date of the verdict to the date of the final judgment). It is unclear from *Oakes* whether the trial court even granted prejudgment interest for the noneconomic damages portion of the jury's award because the issue was not presented on appeal. *See id*. at *2. Therefore, the Court finds this case unpersuasive in determining how the Kentucky Supreme Court would rule.

**DONE AND ORDERED** this 9th day of May 2022.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 7:20cv001-MCR-GRJ